UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCIS DAMIEN BLOCK,

   *Plaintiff*,

  v.

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

   *Defendants*.

Civil Action No. 1:19-cv-03073 (CJN)

## MEMORANDUM OPINION

  This matter is before the Court on Defendants' Motion for Summary Judgment, ECF No. 23, and Plaintiff's Motion to Take Judicial Notice, ECF No. 31.

### Background

  Francis Damien Block submitted a FOIA and Privacy Act request to the Department of Justice seeking "all records concerning [Francis Damien Block] held in the office of the U.S. Attorney in the Western District of Michigan."  Declaration of Kara Cain ¶ 5, Att. B (FOIA request), ECF No. 23-2.  The Executive Office of United States Attorney's (EOUSA) directed that U.S. Attorney's Office to search for responsive records.  *Id.* ¶ 7.  EOUSA reviewed the records that were located and on November 12, 2019 sent to Block a final response letter with corresponding records.  EOUSA noted in the letter that, pursuant to FOIA Exemptions 3, 5, 6, and 7(C), it had included withheld portions of 203 pages and the entirety of another 471 pages of records.  *Id.* ¶¶ 7, 9.  Nearly three hundred of those pages had originated with the Drug Enforcement Agency, and EOUSA accordingly referred them to the DEA.  Declaration of Angela Hertel ¶¶ 9–10.  On June 30, 2019, the DEA released 1 page in full, partially released 149 pages, withheld 130

1

pages in full, and noted 9 pages were duplicates. *Id.* ¶ 11. All of these records (whether released, redacted or withheld) are, according to the DEA, investigative records maintained in the DEA's Investigative Reporting and Filing System. *Id.* ¶¶ 12–14.

Thereafter, Block filed this suit *pro se*, seeking release of all records requested in his FOIA request as well as a declaratory judgment that defendants willfully violated both FOIA and the Privacy Act. Compl., ECF No. 1. The government then filed a Motion for Summary Judgment on all claims. Defs. Mot. for Summ. J., ECF No. 23. The Court subsequently issued what is known as a *Fox-Neal* Order, which advised Block that failing to respond to the arguments in the government's motion could result in the Court granting the motion and dismissing the case. *See* Order at 6–8, ECF No. 29 (citing *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam); *Neal v. Kelly*, 936 F.2d 453 (D.C. Cir. 1992)). Block filed an opposition, exclusively (or at least primarily) arguing that Defendants failed to provide a *Vaughn* Index for the records referred to the DEA. Pl. Opp. at 3–4. Defendants filed a reply and, following further order from the Court, later lodged a *Vaughn* index for those records. ECF Nos. 33, 34-1. The Court then gave Block an opportunity to supplement his response to Defendants' Motion for Summary Judgment, *see* Minute Order of January 14, 2022, but he did not do so.

**Legal Standards**

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322.

Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id*. n. 3 (quoting Fed. R. Civ. P. 56(e)).

Even if the non-movant fails to respond to a motion for summary judgment, the Court cannot grant the motion on the sole basis that it was conceded. *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition."); *but see* U.S. Const. art. III, § 2 (limiting courts to decide adversarial "cases" and "controversies."); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . (2) consider the fact undisputed for purposes of the motion"). Other judges in this district have concluded that this limitation on concessions does not apply where, as here, a non-moving party responds to some, but not all, parts of a motion for summary judgment. *See, e.g.*, *Rojas-Vega v. United States Immigr. & Customs Enf't*, 302 F. Supp. 3d 300, 309 (D.D.C. 2018). Other judges in this district have similarly concluded that, if a FOIA plaintiff fails to respond to the government's summary judgment argument, they need not "assess the legal sufficiency of each and every exemption invoked by the government in FOIA cases." *Shapiro v. DOJ*, 239 F. Supp. 3d 100, 105–06 n.1 (D.D.C. 2017) (concluding that a court may infer from the non-opposition of particular withholdings or redactions that the plaintiff no longer seeks those documents.); *Schaerr v. United States Dep't of Just.*, 435 F. Supp. 3d 99, 109 (D.D.C. 2020).

**Analysis**

I. **Adequacy of Search**

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "[A]ffidavits

that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance [with FOIA].'" *Wolf v. CIA*, 569 F. Supp. 2d 1, 7 (D.D.C. 2008) (quoting *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)).

Here, the government has proffered affidavits describing the scope of the search. In brief, EOUSA had the U.S. Attorney's Office perform a search for records keyed to Block's name. Cain Decl. ¶¶ 6, 10. EOUSA then reviewed all such documents or referred them to the relevant sub-agency for processing. *Id.* ¶ 8. EOUSA also produced the entire electronic file for Block's cases, including emails, correspondence, and documents. Block does not contest the adequacy of the search. Regardless, the Court has independently reviewed the motion and concludes that the government has provided undisputed evidence that its search was reasonable.

## II.     Vaughn Index

The Court of Appeals has held that FOIA requires an agency in possession of material it considers exempt from disclosure to provide the requester with a description of each document being withheld and an explanation of the reason for the agency's nondisclosure. *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (citing *King v. DOJ,* 830 F.2d 210, 224 (D.C. Cir. 1987); *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973)). What is known as a *Vaughn* index typically must describe each withholding and state why the exemption applies. *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979). Such an index "permit[s] adequate adversary testing of the agency's claimed right to an exemption." *Nat'l Treasury Emps. Union v. U.S. Customs Serv.*, 802 F.2d 525, 527 (D.C. Cir. 1986).

For the EOUSA records, the government provided a *Vaughn* index as an attachment to its Motion for Summary Judgment. ECF No. 23-3. Although there is some ambiguity in his opposition, it appears Block does not object to the adequacy of the *Vaughn* index for those records.

4

In any event, the EOUSA *Vaughn* index describes each record, notes the reasons for withholdings, and provides comments explaining why the applicable exemptions apply. ECF No. 23-3. The government also provided a declaration that supplemented these explanations. *See* Cain Decl. The Court concludes that the government has met its obligation to provide a *Vaughn* index as to the EOUSA withholdings.

As to DEA records, the government initially failed to provide a *Vaughn* index. Its Motion for Summary Judgment included a declaration describing the exemptions the government was asserting but did not include a corresponding index. *See* Hertel Decl., ECF No. 23-4. Block's opposition to the motion primarily—if not exclusively—objected to the DEA's failure to provide a *Vaughn* index. ECF No. 30. The government then requested and the Court granted an extension of time to file a reply in order to allow the filing of one. *See* ECF No. 32; Minute Order of September 10, 2021. The government then lodged again its *Vaughn* index for EOUSA records but failed to provide one for DEA records. ECF No. 33. The Court then ordered the government to file the missing *Vaughn* index, *see* Minute Order of December 22, 2021, which it eventually did, *see* DEA *Vaughn* Index, ECF No. 34-1. The Court then provided Block another opportunity to file a response to the Defendant's Motion for Summary Judgment in light of the DEA *Vaughn* index, *see* Minute Order of January 14, 2022, but Block filed no supplemental opposition.

The Court concludes that the DEA's *Vaughn* index is now adequate. It describes each record, notes the reasons for the withholdings, and provides comments explaining why the applicable exemptions apply. While the government failed to include the *Vaughn* index in its initial motion and thereby deprived Block of the opportunity to contest the withholdings during initial briefing, the Court provided Block another opportunity to contest the government's withholdings after the index was filed. That is enough to meet the government's *Vaughn*

5

obligations.  *See Oglesby*, 79 F.3d at 1176 (requiring a *Vaughn* index "serves the purpose of providing the requestor with a realistic opportunity to challenge the agency's decision.").

### III.     Withholdings and Redactions

FOIA mandates disclosure of government records unless the record or a portion thereof falls within one of FOIA's enumerated exemptions. See 5 U.S.C. § 552(b).  The Court may only compel disclosure of records that do not fall within an exemption.  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).  "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'"  *Media Research Ctr. v. U.S. Dep't. of Justice*, 818 F. Supp. 2d 131, 137 (D.D.C. 2011) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)); *ACLU v. Dep't of Def.*, 628 F.3d 612, 624 (D.C. Cir. 2011).

In his opposition, Block correctly notes that the government has withheld "hundreds of responsive records," but he does not contest any particular withholding.  Block Opp. at 3.  And, when given another chance to oppose the withholding of DEA records, Block did not file an opposition.  As noted, the Court need not "assess the legal sufficiency of each and every exemption invoked by the government in FOIA cases."  *Shapiro v. DOJ*, 239 F. Supp. 3d 100, 105–06 n.1 (D.D.C. 2017) (concluding that a court may infer from the non-opposition of particular withholdings or redactions that the plaintiff no longer seeks those documents.); *Schaerr v. United States Dep't of Just.*, 435 F. Supp. 3d 99, 109 (D.D.C. 2020).  Because Block failed to oppose the government's application of a particular withholding or redaction, the Court infers that he no longer seeks those documents (and thus that there is no longer any controversy as to them). Regardless, the government has met its burden in justifying its withholdings and redactions.

### A. FOIA Exemption 3

FOIA Exemption 3 permits an agency to withhold records "specifically exempted from disclosure by statute" provided that the statute either "(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Thus, the issue for the Court "is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage." *Morley v. CIA*, 508 F.3d 1108, 1126 (D.C. Cir. 2007). Here, the government asserted Exemption 3 to withhold grand jury information under Federal Rule of Criminal Procedure 6(e). Rule 6(e) qualifies as an Exemption 3 statute. *See, e.g. Lopez v. Dep't of Justice*, 393 F.3d 1345, 1348 (D.C. Cir. 2005). The government applied this exemption to grand jury materials and other records that would disclose grand jury proceedings. Block has not objected to these withholdings. The Court concludes that the government has met its burden with regard to the Rule 6(e) records withheld through Exemption 3.[1]

### B. FOIA Exemption 5

FOIA Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption shields documents that would be privileged in the civil

---

[1] The EOUSA *Vaughn* index and the Cain Declaration assert the government also withheld plea information under Federal Rule of Evidence 408 and the Presentence Investigation Report under Federal Rule of Criminal Procedure 32(c)(3)(A). The government cites to Rule 32(c)(3)(A) as an Exemption 3 statute, but that section of Rule 32 no longer exists. The Supreme Court has clearly stated that the rest of Rule 32 was not a withholding statute, and the same logic applies to the current version. *See Department of Justice v. Julian*, 486 U.S. 1, 8–11 (1988); *Corley v. Dep't of Just.*, 998 F.3d 981, 986 (D.C. Cir. 2021). And Federal Rule of Evidence 408 refers only to the admissibility of plea offers—it is not a withholding statute under Exemption 3. Nonetheless, based on Block's non-opposition, the Court infers he does not seek those records. *See Shapiro*, 239 F. Supp. 3d at 106 n.1.

discovery context, including materials protected by the attorney-client privilege, the attorney work-product doctrine, and the executive deliberative process privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1113 (D.C. Cir. 2004). The deliberative process privilege applies to documents that are both pre-decisional and deliberative. *Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1194 (D.C. Cir. 1991). Here, EOUSA withheld or redacted a handful of attorney emails regarding ongoing litigation, asserting the work product doctrine or the deliberative process privilege or both. Cain Decl. ¶ 16. Block has not objected to these withholdings. The Court concludes that the government has met its burden with regard to the Exemption 5 withholdings.

### C. FOIA Exemption 6

FOIA Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). This exemption has been broadly construed "to protect individuals from a wide range of embarrassing disclosures" pertaining to the intimate details of their lives. *Rural Housing Alliance v. Dep't of Agric.*, 498 F.2d 73, 77 (D.C. Cir. 1974). To determine whether the agency appropriately withheld names and addresses, the court must balance the privacy interests involved against the public interest represented by the basic purpose of FOIA—namely, to open agency action to the light of public scrutiny. *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976). Courts have routinely refused to recognize any public interest in the disclosure of information solely to assist a defendant challenging his conviction. *See, e.g.*, *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002); *Neely v. FBI*, 208 F.3d 461, 464 (4th Cir. 2000).

Here, the government withheld or redacted information in EOUSA documents pertaining to co-defendants and counsel, as well as an employee's personal information. Cain Decl. ¶¶ 18–

19.  And, for DEA records, the government asserted Exemption 6 (in combination with Exemption 7(c)) to withhold 130 pages in full because they are investigatory records in which Block is not the subject.  Hertel Decl. ¶¶ 19–21.  The government also redacted personal information of third parties found on 148 pages related to investigation reports, warrants and affidavits, and various criminal reports.  *Id.*  ¶ 21.  Block has not objected to these withholdings.  The Court concludes that the government has met its burden with regard to the Exemption 6 withholdings.

### D.  FOIA Exemption 7

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information" would result in one of several specified harms.  5 U.S.C. § 552(b)(7).  The relevant records were all compiled for law enforcement purposes.

*Exemption 7(C)* covers records or information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552 (b)(7)(C).  This is a broader standard than Exemption 6 and was used largely concurrently with that exemption.  The Court concludes that the government has met its burden under this provision for the same reasons.

*Exemption 7(D)* covers records or information that "could reasonably be expected to disclose the identity of a confidential source" and records "compiled by criminal law enforcement authorit[ies] in the course of a criminal investigation" if producing the records "could reasonably be expected to disclose . . .  information furnished by a confidential source."  5 U.S.C. § 552(b)(7)(D).  In determining the applicability of the exemption, "the question is . . . whether the particular source spoke with an understanding that the communication would remain confidential." *Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993) (emphasis omitted).  The government

9

invoked 7(D) to withhold 29 pages of reports that include information about or derived from DEA's coded confidential sources. Hertel Decl. ¶ 23–26. Block has not objected to these withholdings. The Court concludes that the government has met its burden with regard to the Exemption 7(D) withholdings.

*Exemption 7(E)* covers records or information "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011). Under this exemption, the government redacted portions of 114 pages of DEA records, including records from various investigation reports and warrants. Hertel Decl. ¶ 28–29. Block has not objected to these withholdings. The Court concludes that the government has met its burden with regard to the Exemption 7(E) withholdings.

*Exemption 7(F)* covers records or information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F); *see also Blanton v. of Justice*, 182 F. Supp. 2d 81, 86–87 (D.D.C. 2002). Under this exemption, the government redacted portions of 147 pages of DEA records, including third-party personal information in various reports and search warrants. These redactions were usually made in conjunction with Exemptions 7(C) and 6. Hertel Decl. ¶ 35. These redactions are all in relation to the drug trade, which is often the subject to violence. *Id.* ¶¶ 34–38. Block has not objected to these withholdings. The Court concludes that the government has met its burden with regard to the Exemption 7(F) withholdings.

### E. Privacy Act Exemption (j)(2)

The records were also processed under the Privacy Act. Privacy Act Exemption (j)(2) allows agencies "to exempt any system of records within the agency . . . if the system of records is . . . maintained by an agency . . . which performs as its principal function any activity pertaining to the enforcement of criminal law." 5 U.S.C. § 552a(j)(2). Here the DEA documents are maintained in the DEA Investigative Reporting and Filing System, for which access is denied via exception (j)(2) as per 28 C.F.R. § 16.98. Hertel Decl. ¶ 12–14. Block has not objected to these withholdings. The Court concludes that the government has met its burden with regard to the Privacy Act withholdings.

## IV. Segregability

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Central v. U.S. Dep't. of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

The government has presented affidavits that persons experienced in FOIA have reviewed the documents and concluded there are no reasonably segregable non-exempt portions that can be

released. Cain Decl. ¶¶ 22–24; Hertel Decl. ¶¶ 39–40. The high number of documents that were only partially redacted rather than withheld in full adds support to the government's position. In his opposition, Block complained that, of those documents that were released, the "vast majority [are] completely 'redacted[.]'" Opp. at 3. But Block has not objected to any particular redaction, nor has he presented *any* quantum of evidence that the government withheld reasonably segregable materials. *See Sussman*, 494 F.3d at 1117. The Court concludes that the government has met its burden with regard to segregability.[2]

## Conclusion

For the forgoing reasons the government's motion for summary judgment is **GRANTED**. An Order will be issued contemporaneously with this opinion.

DATE: March 8, 2022

CARL J. NICHOLS
United States District Judge

---

[2] To the extent Plaintiff's opposition to the Motion for Summary Judgment included another motion requesting the Court to take judicial notice, *see* ECF No. 31, that motion is denied. The filing includes none of the "necessary information" of which the Court could take notice. Fed. R. Evid. 201(c)(2); *see* Pl. Opp. at 5.